

WHITE & CASE

July 15, 2020

VIA ECF

The Honorable Colleen McMahon
United States District Court for the Southern District of New York
500 Pearl St., Room 2550
New York, New York 10007

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095

USDC SDNY
whitecase.com
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/16/2020

**Great Mill Rock LLC v. Stellex Capital Management LP, 20 Civ. 3056 (CM)**

Dear Chief Judge McMahon:

We represent Plaintiffs Great Mill Rock LLC ("Great Mill Rock"), Christopher Whalen, and Adi Pekmezovic (Whalen and Pekmezovic together the "Individual Plaintiffs" and with Great Mill Rock, "Plaintiffs"). We write in response to the July 13, 2020 letter motion (D.E. 32, the "Motion") filed by Defendants Stellex Capital Management LP, Stellex Capital Management LLC (collectively, "Stellex"), and J. Anthony Braddock (together with Stellex, "Defendants"). Defendants seek to stop Plaintiffs from obtaining discovery from a key witness, the New York State Common Retirement Fund ("NYCRF"), until the Court rules on Defendants' motion to dismiss (D.E. 24). The Motion – which comes with only four months remaining in the Court-ordered discovery period – is without merit and would prejudice Plaintiffs' ability to obtain relevant discovery in support of their claims. Accordingly, the Motion should be denied.

## Background

The Individual Plaintiffs are investment fund managers, and Great Mill Rock is a private investment firm that they wholly own and control. Stellex is a private equity firm, and Mr. Braddock is its chief financial officer and former chief compliance officer. The parties' dispute arises from a sustained campaign by Stellex to interfere with Plaintiffs' business, including by falsely asserting Stellex owns the Trademarks (defined below) in an effort to extort Plaintiffs.

In early 2018, the Individual Plaintiffs left their senior positions with an investment fund based on Stellex's false promise to partner with them to raise a new fund to be managed by the Individual Plaintiffs. In partnering with Stellex, Plaintiffs relied on Stellex's false representations that NYCRF would serve as the "anchor investor" for the new fund. While vainly waiting for Stellex to raise the new fund and as part of their other investing activities, the Individual Plaintiffs separately sourced investments through Great Mill Rock which Plaintiffs gave Stellex the opportunity to invest in while the new fund was being raised. After Stellex invested substantial amounts from its own investment fund into Great Mill Rock's deals, Stellex finally revealed that it had no intention of raising the new fund with the Individual Plaintiffs. At that point, Stellex attempted to recruit the Individual Plaintiffs to work for Stellex to help raise and manage a second

The Honorable Colleen McMahon
July 15, 2020

**WHITE & CASE**

Stellex fund. But having lost faith in Stellex, the Individual Plaintiffs rejected this offer and sought to move forward with their own investment business. In response, Defendants embarked on a coordinated campaign to interfere with Plaintiffs' business.

The cornerstone of this campaign was Defendants' scheme to pirate Plaintiffs' trademarks and defraud the U.S. Patent and Trademark Office (the "USPTO"). Plaintiffs own three trademarks: MILL ROCK, MILL ROCK CAPITAL, and  (the "Trademarks"). In their motion, Defendants assert that the Individual Plaintiffs were simply employees of a Stellex subsidiary without any rights or interest in the Trademarks. As set out in the Complaint (D.E. 1) and in Plaintiffs' Opposition to the Motion to Dismiss (D.E. 30), Defendants' position is baseless. Without repeating all the allegations and arguments set forth therein, the Individual Plaintiffs created the Trademarks before they ever partnered with Stellex and since early 2018 have used the Trademarks in connection with their investing activities. While the Individual Plaintiffs also agreed that the entity jointly created by the parties for the new fund could also use the Trademarks, that limited license was terminated when Stellex failed to raise the fund and the parties parted ways. The Individual Plaintiffs' wholly owned entity Great Mill Rock also applied to register its ownership of the Trademarks with the USPTO, which Stellex acknowledged and agreed to.

It was only after the Individual Plaintiffs rejected Stellex's employment offers that Defendants attempted to hijack the Trademarks by, among other things, making false filings with the USPTO in Great Mill Rock's name purporting to abandon the trademark applications and filing new applications in the name of Stellex. This serious misconduct, and the other bad faith dealings described in the Complaint, has had, and continues to have, a significant impact on Plaintiffs' business. Indeed, Stellex has only continued its reckless campaign during the pendency of this dispute, recently interfering with the payment of certain management fees to Plaintiffs and obstructing Plaintiffs' ability to work with a placement agent to support their business.

On July 10, 2020, Plaintiffs notified Defendants of their intent to serve a subpoena on NYCRF.

### Defendants' Motion Should Be Denied

Defendants now move to stay Plaintiffs from obtaining discovery from NYCRF until the Court resolves Defendants' motion to dismiss. Such a stay of discovery is unwarranted.

First, NYCRF is a relevant third party witness with important information and knowledge concerning Plaintiffs' claims, which Defendants do not really dispute. While Defendants assert NYCRF only has an "attenuated link" to this dispute, the Complaint clearly outlines how Stellex misrepresented that NYCRF would be the "anchor investor" in the new fund and Plaintiffs are entitled to obtain information from NYCRF to show that Stellex's representations were false and misleading. NYCRF is also an investor in Stellex's fund, which is an investor in Plaintiffs' Grammer and Cisco deals, and NYCRF will be able to confirm that those transactions were completed with Great Mill Rock on an arms-length basis and the Individual Plaintiffs were not

AMERICAS 103203805

WHITE & CASE

The Honorable Colleen McMahon
July 15, 2020

acting as Stellex employees. NYCRF likely also has information regarding Stellex's intent to abandon the new fund and dismantle the Mill Rock entities.

Second, as provided for in the case management order entered by the Court, all discovery must be completed by November 11, 2020, less than four months away. Defendants' motion to stay threatens Plaintiffs' ability to obtain timely discovery from NYCRF and could preclude any such discovery whatsoever. It is unclear when the Court will have the opportunity to rule on the motion to dismiss, and, if as expected, some or all of the claims survive Plaintiffs may well not have sufficient time to take discovery from NYCRF before the discovery deadline. This risk is particularly acute given the current pandemic. Denying Plaintiffs the ability to obtain timely discovery from NYCRF would also handicap Plaintiffs' overall discovery, as the information from NYCRF would certainly inform Plaintiffs' approach to other discovery and the development of its case, including through depositions. Plaintiffs' ability to fully and fairly litigate this dispute would clearly be prejudiced.

Third, there has been no showing of any prejudice to Defendants, though any purported prejudice would be outweighed by the clear prejudice to Plaintiffs. *See Computer Assocs. Int'l, Inc. v. Simple.com, Inc.*, 247 F.R.D. 63, 69 (E.D.N.Y. 2007) (denying a motion to stay discovery on a particular issue because "any prejudice to [the movant] appears minimal and does not outweigh any prejudice to [the opposing parties] that might result from deferring discovery"). Defendants assert in a conclusory fashion that the subpoena would injure its relationship with NYCRF, but offer nothing to substantiate that claim. NYCRF is a sophisticated investment fund and is more than capable of responding to a narrowly tailored third party subpoena. Plaintiffs also intend to work with NYCRF in a cooperative fashion to minimize the burden of their response.

Fourth, there is nothing "nefarious" or improper about Plaintiffs seeking discovery from a percipient third party witness. Defendants fixate on one of the seven requests, which seeks information concerning any issues or concerns with Mr. Braddock's performance. Defendants contend that this request will sour Stellex's relationship with NYCRF. However, on information and belief, issues with Mr. Braddock's performance have been discussed among Stellex's investors, including NYCRF. Mr. Braddock is a central figure in this dispute and will be a key witness. Among other things, he fully acknowledged during the relevant time period that Plaintiffs own the Trademarks, and he was directly involved with the fraudulent filings with the USPTO and interfering with Plaintiffs' access to their files. Plaintiffs are clearly entitled to discovery regarding issues that will go to his competence and credibility, including such information in the possession of NYCRF.

For all these reasons Defendants' motion to stay should be denied.

Respectfully submitted,

**WHITE & CASE LLP**

By: *S/ Gregory M. Starner*

3

The Honorable Colleen McMahon
July 15, 2020

WHITE & CASE

        Gregory M. Starner
        Alexander W. Reid
        Steven A. Levy

        1221 Avenue of the Americas
        New York, New York 10020
        Telephone:  (212) 819-8200
        Facsimile:  (212) 354-8113
        Email:  gstarner@whitecase.com
               alexander.reid@whitecase.com
               steven.levy@whitecase.com

        *Attorneys for Plaintiffs Great Mill Rock
        LLC, Christopher Whalen, and Adi Pekmezovic*

cc:    All Counsel of Record (via ECF)

AMERICAS 103203805