UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GREAT MILL ROCK LLC, CHRISTOPHER
WHALEN, and ADI PEKMEZOVIC,

                      Plaintiffs,

        v.

STELLEX CAPITAL MANAGEMENT LP,
STELLEX CAPITAL MANAGEMENT LLC, and J.
ANTHONY BRADDOCK,

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: |
| DATE FILED: 9/10/2020 |

Case No.:  20-CV-3056 (CM)

## STIPULATION AND [~~PROPOSED~~] CONFIDENTIALITY ORDER

Pursuant to Fed. R. Civ. P. 26(c), it is hereby stipulated and agreed by and between the parties to the above-styled action ("Action"), through their respective counsel, that the terms and conditions of this Stipulation and Confidentiality Order ("Order") shall govern the production and handling of documents, items, or other information exchanged by the Parties or Non-Parties in this Action (including, without limitation, document productions, responses to interrogatories, requests for admissions, pleadings, exhibits, and deposition or other testimony), regardless of the medium or manner in which any such materials are generated, stored, or maintained.  This includes any material produced, filed, or served by any Party or Non-Party during discovery in this Action or any information included in any such material.  The Court, finding that good cause exists for entry of a protective order in this Action to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential information during and after the course of the litigation,

      **HEREBY ORDERS AS FOLLOWS:**

      **1.**      **Materials Covered.**  This Order governs the handling of Confidential Information – i.e., information properly designated as "Confidential" or "Highly Confidentiality" (as discussed

below) and applies to all Discovery Materials produced, given, or exchanged by any Party or Non-Party (the "Producing Party" or "Non-Party") in the Action.  Plaintiffs and Defendants, as well as their officers, directors, current employees, former employees, agents, and legal counsel, are referred to collectively as the "Parties" and individually as the "Party."  Any Party or other person, including Non-Party recipients of discovery requests/subpoenas, may, based on a good-faith belief that such materials are entitled to protection under Federal Rule of Civil Procedure 26(c) or other applicable law, designate all or any part of a document, discovery response, deposition, or other material which that Party or Non-Party produces, serves, or provides in connection with this Action as "Confidential Material" or "Highly Confidential," as described below.  The designation of any material as Confidential or Highly Confidential shall constitute a representation that the Producing Party or Non-Party has made a good-faith determination that any such material so designated is confidential or subject to protection under Fed. R. Civ. P. 26 and this Order.

    a.    **"Confidential Material"** shall mean private or confidential personal information and nonpublic material that constitutes confidential research, development, or commercial information that the Party or Non-Party producing the designated material (the "Designating Party") in good faith believes deserves protection under Fed. R. Civ. P. 26(c)(1)(G).  This includes information received in confidence from third parties, so long as the Designating Party has a good-faith belief that the information is entitled to protection under Fed. R. Civ. P. 26(c) or other applicable law.

    b.    **"Highly Confidential Material"** shall mean nonpublic, highly sensitive commercial or personal information that a Party or Non-Party believes in good faith would, if disclosed to another Party or Non-Party, be highly likely to cause significant competitive or

2

commercial disadvantage. Highly Confidential Material may include (but is not limited to) nonpublic, highly sensitive (a) projected future profits, revenue, and costs; (b) information protected by foreign, federal, or state privacy laws; and (c) communications regarding any Highly Confidential Material that themselves meet the definition of Highly Confidential Materials; and (d) other materials that contain current trade secrets. Before material is designated Highly Confidential as a trade secret under this subparagraph, the Designating Party will make a good-faith effort to evaluate whether that material meets the requirements for trade secrets under applicable law.

      c.    Notwithstanding any of the foregoing, information that is in the public domain or which is or becomes available to a Party from a source other than the Party or Non-Party asserting confidentiality, rightfully in possession of such material on a non-confidential basis, shall be presumed non-confidential material under this Order.

      d.    Any material, whether or not filed with the Court, that contains Confidential Information for which the Producing Party or Non-Party seeks protection under this Order shall be designated as "Confidential" or "Highly Confidential" as follows. For documents in hard-copy form or modifiable electronic format, such designation shall be by affixing a legend, stamp, or watermark to each page of the document, or portion thereof, that is deemed Confidential or Highly Confidential in such a way as not to obscure any part of the text or content. A Party or Non-Party may designate natively produced electronic documents and other non-imaged media as "Confidential" or "Highly Confidential," as appropriate, by noting such designation in an accompanying cover letter and, to the extent possible, by affixing a legend or stamp to the media itself (i.e., disc, hard-drive, etc.) on which the material is provided, and, where feasible, including the appropriate confidentiality designation in the load file provided with the electronic production.

Whenever any Party to whom electronically stored documents are produced reduces such documents to hardcopy form, that Party shall designate the hard-copy documents with a legend, stamp, or watermark as provided in this Paragraph.

  e.  Deposition testimony provided in this litigation may be designated as Confidential Material or as Highly Confidential Material by any Party or Non-Party if the testimony concerns or relates to that Party's or Non-Party's Confidential Material or Highly Confidential Material, subject to Paragraph 16. Counsel desiring to designate any portion of testimony as Confidential Material or Highly Confidential Material shall do so by so stating orally on the record on the day that the testimony is being given. If a Designating Party in good faith indicates by oral designation that Confidential or Highly Confidential Material will be used or elicited during a line of questioning, the Designating Party may request that the portion of the deposition be taken only in the presence of persons entitled to access to such information under this Order, which shall include the deponent's counsel (if any). Alternatively, any Party or Non-Party may designate any or all portions of the transcript and/or video of any deposition as containing Confidential Material or Highly Confidential Material in accordance with this Order by notifying all other Parties in writing, within twenty (20) days of receipt of the transcript and/or video that contains Confidential Material or Highly Confidential Material and designating the specific pages and/or lines as containing Confidential or Highly Confidential Material. Confidentiality designations of transcripts will apply to audio, video, or other recordings of testimony. All transcripts and/or videos shall be treated as Highly Confidential Material and subject to this Order until a time twenty (20) days after a final, official (non-draft) transcript or video of the deposition (or other testimony) are received. Until the twenty- (20-) day period has expired, counsel will not permit the deposition transcript, including exhibits, to be distributed to persons beyond those specified in Paragraph 4, other than

the deponent, and shall treat the deposition as Highly Confidential Material under this Order. If, prior to the expiration of the twenty- (20-) day period, a Party wishes to file any motion or pleading that will include reference to, or attach as exhibits, any portion of the deposition transcript or confidential exhibits thereto, the Party shall treat the transcript or confidential exhibits as Highly Confidential Material. Any portion of any deposition testimony that is not designated as Confidential Material or Highly Confidential Material, within twenty (20) days after a final, official (non-draft) transcript and/or video of the deposition are received, shall not be entitled to the protections afforded under this Order. Assuming that the court reporter/stenographer has the means of doing so, the Parties agree that the following designations may be placed on the front page of each transcript: (i) for depositions in which Confidential Material is disclosed or discussed, the front page of the transcript shall be marked with the legend "Confidential information contained on page(s) _"; and (ii) for depositions in which Highly Confidential Material is disclosed or discussed, the front page of the transcript shall be marked with the legend "Highly Confidential information contained on page(s) _." In either case, such legend (and accompanying treatment) shall apply only to the specific pages (or portions of pages) that have been so designated, and not the entire transcript. Any video cassettes (or other storage media) containing Confidential or Highly Confidential testimony shall be so designated in accordance with the provisions of this Order. For oral disclosures other than deposition testimony, a Party may, in writing, within five (5) business days of the disclosure, designate the disclosure, or part(s) thereof, as Confidential Material or Highly Confidential Material.

      f.     Any Confidential Material or Highly Confidential Material that was exchanged by the Parties prior to execution of this Order are also subject to the provisions of this Order.

g.      Notwithstanding any contrary provision of this Paragraph, each Party and Non-Party retains the right to redesignate documents and things, and deposition testimony and other oral disclosures, subject to Paragraph 9.  Upon such redesignation, each Party and Non-Party shall in good faith endeavor to treat such written materials and oral disclosures in accordance with such designation from that time forward.

**2.      Use of Materials and Declaration.**

a.      All Confidential Information shall be used solely in furtherance of the prosecution, defense, or attempted settlement of this Action, shall not be used at any time for any other purpose whatsoever, and shall not be disclosed to or made accessible to any person except as specifically permitted by this Order.  All materials designated "Confidential" or "Highly Confidential" must be stored and maintained by the party receiving the production (the "Receiving Party") in a manner no less secure than a Receiving Party would store and maintain its own confidential material or that of its clients and in any event in a manner that can reasonably be expected to preserve the confidentiality of the material.  Upon conclusion of this Action, a Receiving Party must comply with the provisions of Paragraph 7 below regarding return or destruction of Confidential and Highly Confidential Materials.

b.      Each person to whom Confidential or Highly Confidential Material is disclosed, except the persons identified in Paragraphs 3(a)-(d), (g) and 4(a)-(c) below, shall execute a Declaration in the form annexed hereto as Exhibit A, and shall agree to be bound by this Order, before receiving Confidential or Highly Confidential Material.  Counsel for each Party shall maintain the executed Declarations and need not provide copies to any other Party unless there is a genuine dispute between the Parties concerning the person's handling of Confidential or Highly Confidential Material, or except as expressly provided for herein.

c.      Notwithstanding any contrary provision in this Order, a Party is permitted to disclose Confidential and Highly Confidential Material to the extent required by a valid subpoena or other valid legal process, provided that the procedures in this Paragraph are followed.  The Party that has received a valid subpoena or other valid legal process (the "Subpoenaed Party") must provide the Designating Party with written notice of such subpoena or other legal process, via telephone and/or electronic mail/PDF or hand delivery, immediately upon receipt but in no event later than three (3) business days of receiving the subpoena or a lesser period if ordered by the Court ("the Response Period"), in order to afford the Designating Party an opportunity to object. The Subpoenaed Party shall also inform the persons seeking discovery in writing (with copy to the Designating Party) that providing the information may be a violation of this Order.  If the Designating Party does not move for a protective order within the time allowed for production by the subpoena or request, or within any such extension that may be granted, and give written notice of such motion to the Subpoenaed Party, the Subpoenaed Party may commence production in response to the subpoena or request.  The Subpoenaed Party will not produce any of the Confidential or Highly Confidential Material while a motion for a protective order brought by the Designated Party pursuant to this Paragraph is pending, or until and unless an appeal from or request for appellate review of such motion is exhausted, unless the Court orders production of the material that is subject to this Order.  In such case, production of such material pursuant to that court order shall not be deemed a violation of this Order.  The Designating Party or Non-Party will bear the burden and all costs of opposing the subpoena on grounds of confidentiality.

**3.      Disclosure of Confidential Materials.**  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, disclosure of Confidential Materials may be made only to:

7

a.    the Court, its secretaries, clerks, law clerks, and other support staff;

b.    outside counsel of record in this Action and employed or retained support staff, secretaries, paralegals, legal assistants, and support services (including, without limitation, copy services, litigation consultants, document management services, graphics services, outside exhibit preparation companies, independent support services personnel, and database/coding service personnel) (this category hereinafter referred to as "Outside Counsel");

c.    the parties in this Action (including their officers and employees);

d.    court reporters, court videographers, and similar transcription services and their support staff (this category hereinafter referred to as "Court Reporters");

e.    any expert or consultant (including all Non-Party personnel and support staff assisting such expert or consultant, but not the entity itself by which such expert or consultant and assisting personnel are employed) who is retained by or for the benefit of any of the Parties in this Action to assist counsel in this Action (this category hereinafter referred to as "Experts"), provided that the expert or consultant has executed a Declaration in the form annexed hereto as Exhibit A;

f.    any mediators engaged by the Parties, and their support staff; and

g.    consistent with Paragraph 13(b) below, any deponent or witness of the Designating Party, but only during the course of his or her sworn testimony in this Action, after which the deponent may not retain possession of the Confidential Material.

**4.    Disclosure of Highly Confidential Materials.**  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, disclosure of Highly Confidential Materials may be made only to:

a.    the Court, its secretaries, clerks, law clerks, and other support staff;

b.      Outside Counsel (as defined in Paragraph 3(b) above), to the extent such persons' duties and responsibilities require access to Highly Confidential Material;

c.      Court Reporters (as defined in Paragraph 3(d) above);

d.      Experts (as defined in Paragraph 3(e) above), and subject to all of the restrictions and conditions set forth in that Paragraph;

e.      any mediators engaged by the Parties, and their support staff; and

f.      consistent with paragraph 13(b) below, any deponent or witness of the Designating Party, but only during the course of his or her sworn testimony in this Action, after which the deponent may not retain possession of the Confidential Material.

**5.      Requests to Disclose Confidential and Highly Confidential Materials.** If a Party seeking to disclose Confidential or Highly Confidential Material to a person not authorized to access such documents pursuant to Paragraphs 3, 4, or 13 herein provides counsel for the Designating Party with advance written notice, via electronic mail/PDF, or hand delivery, at least three (3) business days before disclosure, that states the identity of the material for which disclosure is sought and the identity of the individual to whom disclosure would be made, counsel for the Designating Party may challenge the proposed disclosure of material pursuant to this provision, by providing counsel for the Party seeking disclosure with a written objection, via electronic mail/PDF or hand delivery, within two (2) business days thereafter. If a written objection is made, the Party seeking disclosure shall not proceed with disclosure unless authorized to do so pursuant to the procedures described in Paragraph 6 below.

**6.      Challenge to Designation.** A Party shall not be obligated to challenge the propriety of a confidentiality designation at the time the designation is made. A Party may challenge a confidentiality designation or insufficient designation at any time (including without

limitation designations pursuant to Paragraph l(e)), and a Party's failure to have made such a challenge at any previous time shall not prejudice its right to do so.

Any Party wishing to challenge the "Confidential" or "Highly Confidential" designation assigned by another Party or other person ("Objecting Party") with respect to any material shall give notice by email or other hand-delivered written communication of such objection to counsel for the Designating Party.  The Designating Party shall respond in writing within seven (7) business days of this notification and explain the grounds for asserting that the document or information is Confidential or Highly Confidential.  If the Designating Party does not respond in writing within seven (7) business days of the notification, the materials shall be presumptively determined to be non-Confidential Information.  If the Designating Party makes a timely response, counsel shall confer in good faith in an effort to resolve the dispute.

If no resolution is reached, the Objecting Party may move the Court for an order removing such protected material from the restrictions of this Order, and any papers filed in support of or in opposition to said motion shall, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material.  Upon the filing of such a motion, the burden rests upon the Designating Party to demonstrate the propriety of such designation.  Until the Parties or the Court resolves a challenge to the designation of "Confidential" or "Highly Confidential" Material, the original designation shall remain in full force and effect.

**7.      Handling of Confidential and Highly Confidential Materials.** Persons who have been shown Confidential or Highly Confidential Material pursuant to this Order and have not otherwise obtained or maintained the material in the normal course of business shall not retain copies of such protected material.  Within sixty (60) days after such time as this Action is concluded, whether by final adjudication on the merits (including any appeals related thereto) or

by other means, or such other time as the Designating Party may agree in writing, counsel will, at their option, return or undertake commercially reasonable efforts to destroy all Confidential or Highly Confidential Material (including but not limited to copies in the possession or control of any Expert or employee). If any Receiving Party opts to destroy the Confidential Information in accordance with the preceding sentence, such Receiving Party shall certify in writing to the Designating Party that all such material has been destroyed to the extent practicable. As to those materials that contain, reflect, incorporate, attach, or reference attorney work product, counsel of record for the Parties – but not the Parties themselves – shall be entitled, without violating this Order, to retain such work product in their files, so long as the terms of this Order will continue to govern any such retained materials. In addition, counsel shall be entitled, without violating this Order, to retain pleadings, affidavits, motions, briefs, expert reports (and exhibits thereto), correspondence (including internal correspondence and e-mail), any other papers filed with the Court (including exhibits), deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential Material or Highly Confidential Material, so long as this Order will continue to govern any such retained materials. The Receiving Party's commercially reasonable efforts shall not require the return or destruction of materials that (a) are stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (b) are located in the email archive system or archived electronic files of departed employees; or (c) are subject to legal hold obligations. Backup storage media need not be restored for purpose of returning or certifying destruction of materials, but any such materials retained in backup storage media shall continue to be treated in accordance with this Order. The Parties and their respective representatives, attorneys, experts, consultants, and vendors, including off-site hosting litigation support service providers, shall thereafter be prohibited from restoring

such deleted copies, including electronic files, through the employment of "undelete" software and other similar computer forensic techniques, except to the extent required by a disaster recovery program that requires the restoration of data from otherwise inaccessible media. Nothing in this Paragraph shall obligate any Party to destroy its own Confidential or Highly Confidential Information at the close of this Action or at any other time.

   **8.**    **Production of Privileged Documents.**  Pursuant to Federal Rule of Evidence 502, inadvertent production of any document, communication, or electronically stored information that a Producing Party later claims should not have been produced because of a privilege, including without limitation the attorney-client privilege, the work product doctrine or any other applicable privilege or immunity from disclosure (an "Inadvertently Produced Privileged Document"), will not be deemed to waive such privilege or immunity from disclosure. A Producing Party may, within ten (10) days of the date of discovery by that Producing Party of the inadvertent production, request the return of any Inadvertently Produced Privileged Document by identifying the document inadvertently produced and stating the basis for asserting a privilege over such document. In that event, each Receiving Party in possession of a copy of the Inadvertently Produced Privileged Document shall promptly (but in no event later than ten (10) days after receiving notice from the Producing Party requesting return) return or destroy the Inadvertently Produced Privileged Document and all copies thereof and shall, to the extent possible, expunge from any other document material information derived solely from the Inadvertently Produced Privileged Document, unless the Receiving Party determines that it seeks to challenge the request for return of the document. If the Receiving Party determines that it seeks to challenge the request for return of the document, it shall contact the Producing Party to attempt to resolve the issue in good faith within ten (10) days of receiving the Producing Party's assertion that it has inadvertently produced

documents.  If the Producing Party or Parties and the Receiving Party or Parties cannot resolve the issue after good faith attempts, they shall raise the dispute with the Court in compliance with the Court's Rules.  In the event that the Receiving Party seeks an order from the Court regarding an Inadvertently Produced Privileged Document, the Receiving Party may retain possession of the document during the pendency of such application, provided that the document is sequestered and is not used by the Receiving Party during that time except in connection with any application opposing the Producing Party's assertion that it inadvertently produced privileged documents.  If the Receiving Party does not timely seek an order from the Court regarding the Inadvertently Produced Privileged Document it shall promptly return or destroy the Inadvertently Produced Privileged Document and shall, to the extent possible, expunge from any other document material information derived solely from the Inadvertently Produced Privileged Document.

**9.**     **Inadvertent Failure to Designate.**  In the event that Confidential Information is produced without having been previously marked "Confidential" or "Highly Confidential," the Party in receipt of that material shall, upon a written request from the Designating Party, treat and preserve such document, paper, or thing in accordance with the confidentiality designation that the Designating Party states should have been affixed to it.  The Designating Party must then, within ten (10) days of its written request, or such other time as agreed by the parties, re-produce the document, paper, or thing with the appropriate confidentiality designation.  The Receiving Party will then replace the incorrectly designated materials with the newly designated materials and shall, within ten (10) days of receipt of the replacement set, return the non-designated material, or confirm in writing that it has destroyed all copies of it.  The inadvertent failure of a Party or Non-Party to designate a document as "Confidential" or "Highly Confidential" at the time of production shall not be deemed a waiver of the protections afforded by this Order, either as to specific

information in the document or as to any other information relating thereto or on the same or related subject matter. No Party shall be deemed to have violated this Order if prior to notification of any later designation, such material has been disclosed or used in a manner inconsistent with the later designation. Once a designation is made, however, the relevant documents or materials shall be treated as "Confidential" or "Highly Confidential" in accordance with this Order. If material inadvertently not designated is, at the time of the later designation, already filed with a court on the public record, the Party or Non-Party that failed to make the designation shall move for appropriate relief.

**10. Inadvertent Disclosure of Material by Receiving Party.** If a Party receiving Confidential or Highly Confidential Materials learns that, by inadvertence or otherwise, it has disclosed the Confidential Information to any person or in any circumstance not authorized under this Order, the Receiving Party must, as soon as is practicable but no later than within three (3) business days: (a) notify in writing the Designating Party of the unauthorized disclosure; (b) use its best efforts to retrieve all copies of the protected materials; and (c) inform the person or persons to whom unauthorized disclosures were made, to the extent the person or persons are identifiable, of all the terms of this Order and have the person or persons execute a Declaration in the form annexed hereto as Exhibit A. If Confidential Information is used inadvertently during depositions in contravention of other provisions of this Order, it shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use. If such information is inadvertently disclosed to a deposition witness, and the witness has testified concerning that information, the witness may be examined and cross-examined with respect to the document(s) or information disclosed for the remainder of the deposition.

14

**11.     Obligations to Non-Parties.**  If otherwise discoverable information sought in a discovery request implicates a Producing Party's obligation to a Non-Party not to disclose such information, the Producing Party shall:

a.     If applicable, comply with the procedures set forth in any other protective order governing the Producing Party's production of that Non-Party's information.

b.     If no such protective order exists, the Producing Party shall timely serve a written objection to the production of such information on the basis of its obligation to a Non-Party not to disclose the information; and

(1)     Within seven days of receiving a discovery request that expressly seeks a Non-Party's confidential information or discovering that confidentiality obligations to a Non-Party are implicated by a discovery request, provide the Non-Party written notice of the pending request and a copy of this Order.

(2)     Such Non-Party shall have the longer of 1) fourteen (14) days from the date of the written notice; 2) the date on which the Producing Party's written responses are due; or 3) as otherwise agreed by the Parties to either resolve the matter with the Parties or file a motion with the appropriate court seeking appropriate relief.  If no such motion is filed by the Non-Party, the Producing Party shall promptly produce the materials upon resolution of any other objections (and subject to any appropriate designations under the terms of this Order or as stipulated between the Parties to this Action).

c.     Notwithstanding the foregoing, nothing in this Paragraph shall be deemed to prohibit, hinder, or otherwise affect any Party's ability to raise any objections on any basis to requests for discovery.

**12.     Information from Non-Party Sources.**  To the extent that any discovery requests are served on a Non-Party, the Party serving the discovery request(s) shall, at the time of service, provide the Non-Party with a copy of this Order.  A Non-Party may designate Confidential or Highly Confidential Material pursuant to the provisions of this Order.   Documents produced in this Action by Non-Parties that consist of or contain portions of documents originally created or generated by a Party shall be treated as Highly Confidential until the expiration of a twenty- (20-) day period after the production in this Action.  During that twenty-day period, if any Party believes a Non-Party has produced information from that Party which the Party believes should be designated as Confidential or Highly Confidential, that Party may notify the Non-Party and the other Parties that the Non-Party may have inadvertently failed to designate the information as Confidential or Highly Confidential.  The Non-Party may then correct the designation as provided in Paragraph 9.  Nothing in this Paragraph shall prevent a Party from treating as Non-Confidential Material during the twenty-day period documents produced by Non-Parties that are publicly available.

Furthermore, the Parties agree to meet and confer about the use of specific documents produced by Non-Parties if, either during the seven-day review/notification period (discussed above) or the ten-day post-notification period during which the Non-Party may redesignate the challenged documents (Paragraph 9), one of the Parties would like to use such documents for a deposition, briefing, or other time-sensitive use.

**13.     Use in Court Proceedings.**

a.     If any Party intends to introduce "Confidential" or "Highly Confidential" information of a Party or Non-Party into evidence or otherwise use such material at an open court proceeding, that Party shall provide reasonable notice to all other Parties and Non-Parties whose

Confidential or Highly Confidential information is intended to be used, before such trial or hearing, and not oppose a request to close the courtroom or for other reasonable measures to protect the confidential nature of the "Confidential" or "Highly Confidential" information to be taken.  If the court proceeding relates to a court filing which has referenced or appended "Confidential" or "Highly Confidential" material, then all Parties are deemed to be on notice that "Confidential" or "Highly Confidential" information referenced or appended to the court filing (or filings related thereto) may be used at the court proceeding, consistent with the first sentence of this Paragraph. Any Party who has referenced or appended "Confidential" or "Highly Confidential" material of a Non-Party to such court filing shall provide reasonable advance notice to the Non-Party that such "Confidential" or "Highly Confidential" material may be used at the court proceeding.  Any requests by the Designating Party to retain the "Confidential" or "Highly Confidential" designation of all or a portion of the materials used in an open proceeding shall be filed within ten (10) days following the proceeding or at such other time as ordered by the Court. Nothing in this provision shall be interpreted to suggest that a Receiving Party concedes that the designation of any information as "Confidential" or "Highly Confidential" is appropriate.

      b.      Nothing in this Order shall prevent any Party from examining witnesses concerning Confidential Information during depositions, at hearings, or at trial to whom disclosure of Confidential Information is not otherwise authorized under this Order, provided that the examination concerns Confidential Information that the witness previously had actual lawful access to or prior knowledge of, as demonstrated by the document itself or by foundational testimony from any witness. Nothing in this Order shall prevent counsel from examining a witness to determine whether he or she has prior knowledge of Confidential Information, so long as the examination shall be in a manner that does not disclose the details of the Confidential Information.

Any Confidential or Highly Confidential Material so used shall not lose its confidential status through such use and its confidentiality shall be protected in conformance with this Order.

**14.    Filing Confidential and Highly Confidential Material with the Court.**  The Parties shall cooperate to avoid or minimize the need to file pleadings under seal, while also cooperating to avoid the public disclosure of Confidential or Highly Confidential Material.  On those occasions when filing under seal is unavoidable because a filing includes documents or information designated as Confidential or Highly Confidential, then the filing Party shall file with the Court a "Notice of Filing Under Seal" simultaneously with the filing to be sealed.  The filing Party shall file the papers in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of this Action; an indication of the nature of the contents of such sealed envelope or other container; the phrase "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER," as appropriate; and a statement substantially in the following form: "This envelope or container shall not be opened without order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents, should return them to the clerk in a sealed envelope or container."  All such materials so filed shall be released only upon further order of the Court or agreement of the Parties.  The sealed version of the filing shall be served upon all of the Parties contemporaneous with the sealed filing, and the filing Party must notify any Non-Party whose Confidential or Highly Confidential information is disclosed in the sealed filing.  Within seven (7) calendar days after filing Confidential Material or Highly Confidential Material under seal pursuant to this Paragraph, the Designating Party whose designations caused the filing to be filed as a "Notice of Filing Under Seal" shall provide the filing Party with a proposed redacted version of the submission, except that when the seventh calendar day after such filing is not a business

day, the Designating Party shall provide the proposed redacted version on the next business day thereafter. Each Designating Party is only responsible for proposing redactions of Confidential Material or Highly Confidential Material that it designated itself. Any Party objecting to the filing of the proposed redacted submission must inform the filing and Designating Parties within two (2) business days of receipt of the proposed submission and, in doing so, identify any modifications to the proposed redactions. The Designating Party must accept, reject, or negotiate the requested modifications within two (2) business days of receiving the proposal. If no agreement is reached within fourteen (14) days after filing Confidential Material or Highly Confidential Material under seal pursuant to this Paragraph, the Party seeking to redact and keep under seal the broader amount of information must file a motion with the Court explaining why the broader proposed redactions are material that should be filed only under seal. To the extent there is any dispute or challenge, including any raised by the Court or third parties, regarding the propriety of the redactions, appropriateness of any Confidential or Highly Confidential designations, and/or the filing Party's Notice of Filing Under Seal, the burden of establishing the propriety of such designations or filing under seal rests with the Designating Party. If agreement is reached, the filing Party shall electronically file with the Court, for its public file, a submission that incorporates the redactions.

   **15.**   **Further Application.** Nothing in this Order shall preclude any Party, or any Non-Party from whom discovery has been requested, from applying to the Court for additional or different protective provisions with respect to specific material if the need should arise during this Action. The Court shall retain jurisdiction over the Parties, and over any person executing an undertaking to be bound by the terms of this Order, during the pendency of this Action and for such time thereafter as is needed to carry out the terms of this Order. This Order is binding upon the Parties hereto, their attorneys, and upon the Parties' and their attorneys' successors, executors,

personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

16. **Reservation of Rights.**

a. By designating any material "Confidential" or "Highly Confidential," the Parties do not acknowledge that any such material is relevant or discoverable in this Action. All Parties reserve the right to seek discovery of, or alternatively to resist discovery of, such material in this Action.

b. Nothing in this Order shall prohibit a Party from using or disclosing publicly available or independently discovered information, consistent with paragraph 1(c), unless the Party is aware that the information has become public improperly or inadvertently.

17. **Modification by the Court or the Parties.** The Court retains the right to modify this Order. Furthermore, nothing herein shall prejudice the right of the Parties to stipulate (subject to Court approval), or to move to amend or modify this Order for good cause.

18. **Use by Party of Its Own Materials.** Nothing in this Order shall prevent a Party from using its own Confidential or Highly Confidential Materials in any way that it sees fit, without prior consent of any person or the Court, provided that public disclosure by a Party of its own document shall constitute the Party's waiver of the designation of that document for its use by any Party in this Action.

19. **Violations.** The Court has jurisdiction to enforce this Order and to grant relief, as authorized by law or in equity, for any violations thereof.

20. **Addendum.** THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER.

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

SO ORDERED.                                    Dated: _____

                                               _____
                                               The Honorable Colleen McMahon
                                               United States District Judge

So stipulated and agreed to by the Parties, July 31, 2020.

WHITE & CASE LLP                         KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: *S/ Gregory M. Starner*              By: *S/ John P. Coffey*
Gregory M. Starner                       John P. Coffey
Alexander W. Reid                        Jason M. Moff
Steven A. Levy                           Adina C. Levine
                                         Nathan Schwartzberg


1221 Avenue of the Americas              1177 Avenue of the Americas
New York, New York 10020                 New York, New York 10036
Telephone: (212) 819-8200                Telephone: (212) 715-9100
Facsimile: (212) 354-8113                Facsimile: (212) 715-8100
Email: gstarner@whitecase.com            Email: scoffey@kramerlevin.com
       alexander.reid@whitecase.com             jmoff@kramerlevin.com
       steven.levy@whitecase.com                alevine@kramerlevin.com
                                                nschwartzberg@kramerlevin.com


*Attorneys for Plaintiffs Great Mill*    *Attorneys for Defendants Stellex Capital*
*Rock LLC, Christopher Whalen, and*      *Management LP, Stellex Capital*
*Adi Pekmezovic*                         *Management LLC, and J. Anthony*
                                         *Braddock*

## EXHIBIT A

## DECLARATION UNDER STIPULATION AND CONFIDENTIALITY ORDER GOVERNING CONFIDENTIAL MATERIAL

I, _____, am employed by _____. I acknowledge and certify that:

1.     I have read the Stipulation and Confidentiality Order in *Great Mill Rock LLC et al.*
*v. Stellex Capital Management LP et al.*, Case No. 20-CV-3056 (CM), U.S. District Court for the
Southern District of New York, and agree to be bound by its terms;

2.     I will not make copies of notes of Confidential or Highly Confidential Material
except as necessary to enable me to render assistance in connection with this Action;

3.     I will not disclose Confidential or Highly Confidential Material to any person not
expressly entitled to receive it under the terms of the Stipulation and Confidentiality Order, and
will retain any such material in a safe place;

4.     I will not use Confidential or Highly Confidential Material for any purpose other
than that authorized by the Stipulation and Confidentiality Order;

5.     I will retain all Confidential or Highly Confidential Material in my custody until I
have completed my assigned duties, whereupon they will be returned to the party that provided
them to me or destroyed, as provided by the Stipulation and Confidentiality Order.  Such delivery
or destruction shall not relieve me from any of the continuing obligations imposed upon me by the
Stipulation and Confidentiality Order; and

6.     I agree to be subject to the jurisdiction of this Court for the sole purpose of having
the terms of the Stipulation and Confidentiality Order enforced.

Date: _____

Signature: _____

Address: _____